No. 34,828

FRANK O. LOWDEN, JAMES E. GORMAN and JOSEPH B. FLEMING, Trustees, etc., *Appellants*, v. MRS. MARION GARVIE, as County Treasurer of Ford County, and the BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, *Appellees*.

(103 P. 2d 832)

Opinion filed July 6, 1940.

*J. E. DuMars, Clayton M. Davis,* both of Topeka, *Albert Watkins* and *Horace H. Watkins,* both of Dodge City, for the appellants.

*Harold Zimmer,* county attorney, for the appellees.

*J. S. Parker,* attorney general, *A. B. Mitchell* and *Eldon Wallingford,* assistant attorneys general, as *amici curiae.*

The opinion of the court was delivered by

HOCH, J.: This is a tax case. The appeal by the taxpayer is from a judgment sustaining a levy which appellant contends is in excess of the statutory limit. The facts are undisputed and the only issue is one of statutory construction. The tax was paid under protest and claims for refund filed and disallowed. The regularity of the procedural steps taken by appellant is not questioned and they need not be narrated.

The question presented is whether a levy for maintenance of a

county farm bureau must be included within the maximum aggregate levy for "county purposes" permitted under the provision of G. S. 1935, 79-1947.

The facts may be briefly stated. Ford county had a total assessed property valuation for 1936 of $28,083,399.. By virtue of such assessed valuation the county falls within the class of counties which may not make an aggregate levy for all county purposes, including general expenses (except "bonds and the interest thereon") in excess of 3.75 mills (G. S. 1935, 79-1947). The county commissioners fixed the levy for county purposes for 1936 as follows:

| | |
|---|---|
| General fund........................................ | 1.67 mills |
| Road fund .......................................... | .59 mill |
| Bridge fund......................................... | .40 mill |
| Poor fund........................................... | 1.00 mill |
| Farm bureau fund................................... | .18 mill |
| Fair fund .......................................... | .09 mill |
| Total ......................................... | 3.93 mills |

Appellant, the Rock Island railroad, contended that this levy of 3.93 mills was .18 mill in excess of the statutory limit for county purposes. Applying this alleged excess of .18 mill to the assessed valuation of its property in Ford county produced an alleged over-assessment in the amount of $177.69. That amount was paid under protest, and forms the basis of this action.

The county claims that it is not necessary to include the levy of .18 mill for the farm bureau within the statutory limit of 3.75 mills. The maximum of 3.75 mills was levied for other purposes and the levy of .18 mill for the farm bureau added, making the total levy 3.93 mills.

The lawfulness of the farm bureau levy is not here involved. Appellant does not deny the right of the county to make a levy of .18 mill for the farm bureau, but only contends that such levy, together with other levies for county purposes, must be included within the total aggregate levy permissible under the statute.

G. S. 1935, 79-1946, fixes the maximum levies for "current general expenses" of the various counties. It is involved in the instant computation, but not in the controversy.

G. S. 1935, 79-1947, is a part of the tax-limitation law enacted in 1933 (Laws 1933, ch. 309). That act, together with amendments subsequently made, is comprehensive in character (G. S. 1935, 79-1945 to 79-1970, and G. S. 1939 Supp. 79-1946 to 79-1969). Under

its provisions maximum levies are fixed for many particular items and maximum limitations established for the aggregate total levies that may be made by counties, cities, townships, and school districts.

The pertinent provisions of G. S. 1935, 79-1947, are as follows:

"The authority of the board of county commissioners of each of the several counties to fix a rate of levy annually *for the following county purposes* is hereby limited as follows:

(Here follow forty-seven items beginning with—

"Poor: For the care, support and maintenance within and without the county home or asylum.............. 1.00 mill"

and ending with—

"County Farm Bureau: Aid as authorized by section 2-603, R. S. 1923.................................. No limit."

Each one of the other forty-five items enumerated has a maximum levy for the particular item.)

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"*Provided further,* That the aggregate levy for all county purposes, including general expenses, except bonds and interest thereon, is hereby limited according to the assessed valuations in the respective counties, as follows:

"Less than \$10,000,000............................... 5.00 mills
\$10,000,000 to \$20,000,000............................ 4.50 mills
\$20,000,000 to \$40,000,000............................ 3.75 mills
All over \$40,000,000................................. 3.50 mills

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"*Provided further,* That the aggregate levies provided in this section shall not include levies for community high schools, high-school aid including high-school extension course of two years or tuition, or Barnes high schools. . . ."

There then follow provisions for increased levies for certain items under certain conditions which need not be here stated.

The act relating to the county farm bureaus and county agricultural agents (G. S. 1935, 2-601 to 2-607, as amended by Laws 1939, ch. 1) provides that upon compliance with the statute "the said board of county commissioners shall appropriate a sum of money not less than \$1,200 per annum to assist in the payment of the salary of the county agricultural agent and the expenses of the farm bureau," and "shall be empowered to make a tax levy against the property of the county, real and personal, sufficient to raise the funds needed for the farm bureau work, which levy shall be in addition to all other levies authorized by law." The appellee contends that since "no limit" is fixed by section 79-1947 on the levy that may be made for county farm bureaus and since the farm bureau act provides that the levy "shall be in addition to all other levies authorized by law" it was the intention of the legislature to permit the

entire levy for the farm bureau to be made in·addition to the maximum aggregate levy fixed for county purposes.

Appellee's contention cannot be upheld. We find no ambiguity in the statute and its language is plainly contrary to appellee's interpretation.

Section 79-1947 enumerates as "county purposes" forty-seven items, including the farm bureau item, and places a limit on the levy for each particular item with the exception of the farm bureau item. It then follows with a provision fixing a maximum aggregate levy for all such "county purposes," with certain specific exceptions. If the county were to make the maximum levy permitted for each individual item enumerated, the total would be something over forty mills. It was plainly the intention of the legislature, clearly expressed, not only to limit the individual levy for various particular "county purposes" but to limit the total levy for all such purposes—with certain exceptions specifically stated.

Appellee stresses the language in the county farm act which provides that the levy "shall be in addition to all other levies authorized by law." Such a provision is not uncommon and is to be found in the statutes relating to at least twelve or fifteen of the forty-seven individual items enumerated along with the farm bureau item in section 79-1947. To say with appellee that that provision has the effect of taking the item out of those to be included in determining the total levy limit of 3.75 mills would emasculate the tax-limitation law. Such a provision relates only to the power of the taxing body to make the particular levy and has no bearing upon the provisions of the tax-limitation law. Nor does the fact that the language was repeated in chapter 1 of the Laws of 1939, which amended the farm bureau act, in any way change the situation. Chapter 1 of the Laws of 1939 simply amended the prior statute in some other particulars, and the provision referred to is simply a repetition of the original statute.

Plainly, if the legislature had not intended for the levy for the farm bureau to be included in the maximum total levy, that item would have been omitted from the forty-seven items enumerated, and would have been listed with those specifically excluded from the total in the proviso heretofore quoted. Appellee stresses the fact that "no limit" is fixed for the farm bureau levy. The fact that no limit is fixed for the individual item in no way removes it from the maximum aggregate total levy. Nor does the fact that a levy of

at least $1,200 for farm bureau expenses is mandatory remove it from the maximum total levy. Indeed, the fact that an appropriation of at least $1,200 for the farm bureau is mandatory sufficiently explains why the legislature did not see fit to fix a maximum levy on that particular item—in view of the wide divergence in total valuations for the different counties of the state.

Appellee also seeks to distinguish the farm bureau levy from other levies on the ground that there is a check on the farm bureau expenditures, since a budget must be prepared by the farm bureau as a basis for the appropriation, and farm bureau accounts and expenditures are subject to the approval of the director of the extension service of the Kansas State College. We fail to see that the fact that a budget must be prepared and expenditures supervised has any bearing upon the question of whether the levy is subject to the tax-limitation law. If the argument were to be given weight it would be upon the theory that the farm bureau expenditure is not technically a "county purpose." The trouble with that is that the statute itself (G. S. 1935, 79-1947) designates the farm bureau as a "county purpose."

It is argued that the State Tax Commission has for several years ruled that the farm bureau levy need not be included within the total aggregate levy limitation and that the interpretation made by the administrative body should be here followed. This proposition has been many times discussed by this court. In the supplemental opinion in the case of *Russell v. Cogswell*, 151 Kan. 793, 101 P. 2d 361, the court said:

"When a statute is ambiguous and open to more than one interpretation, a long-established construction by an administrative body carries great, if not a controlling weight. But no controlling weight can be given to administrative construction of a statute unless the meaning is really doubtful, and courts are neither bound to follow nor justified in following a construction that is clearly erroneous. (59 C. J. 1030.) An administrative body may interpret an uncertain statute, but it cannot make new law." (p. 798.)

That rule is plainly applicable here. We find no real basis for the contention that there is ambiguity in the statute.

The levy of .18 mill for the farm bureau would produce something over $5,000. There is no contention here that such amount was excessive. That was a matter for the county commissioners to decide, under the provisions of the law. It was solely for them to determine which of the various levies should be whittled in order to bring the total within the maximum provided by the statute.

It follows from the conclusions stated that the judgment must be reversed with directions to enter judgment for the plaintiff. It is so ordered.