No. 57,318

CENTRO MANAGEMENT, INC., *Appellee,* v. KANSAS DEPARTMENT OF
HUMAN RESOURCES, DIVISION OF EMPLOYMENT, *Appellant.*

(699 P.2d 524)

Opinion filed
May 10, 1985.

*H. Dean Cotton,* of Topeka, argued the cause and was on the briefs for the appellant.

*Peter Charles Rombold,* of Hoover, Schermerhorn, Edwards & Pinaire, of Junction City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the Department of Human Resources of the State of Kansas from the district court's dismissal of its counterclaim against Centro Management, Inc.

Centro received the KP contract for Fort Riley for the period June 1 to December 31, 1980. By performing this contract, Centro became an employer as defined by K.S.A. 44-703(h) and thus subject to the employment security act, K.S.A. 44-701 *et seq.* The employment security act is administered by the Department of Human Resources. Centro won the bid on a second contract for the period from January 1, 1981, to December 31, 1981. The contribution rate pertaining to this contract is the issue here.

As an employer, Centro is required to make payments to the employment security fund at a certain contribution rate provided for by K.S.A. 44-710 and 710a. This appeal arises out of the notice to Centro of an increase in its contribution rate for 1981.

On July 16, 1980, Centro received a notice of successorship. In that notice, Human Resources informed Centro it had been classified as the successor to the previous KP contractor at Fort Riley, pursuant to K.S.A. 44-703(h)(4) and 44-710a(b)(1). K.S.A. 44-710a(b)(1) requires an employer to be classified as the successor to a preceding employer if the employer:

"[A]cquires or in any manner succeeds to substantially all of the employing enterprises, organization, trade or business or substantially all of the assets of an employer . . . and who intends to continue such organization, or business . . . ."

If an employer was classified as a successor employer, the employer acquired the experience rating of the predecessor employer. pursuant to K.S.A. 44-710a.

In the notice of successorship, Human Resources also informed Centro its contribution rate for 1980 was 1.71%, and that it would be "eligible for rate computation" in 1981.

On January 31, 1981, Centro received an "experience rating notice." In this notice Human Resources informed Centro its contribution rate for the 1981 year would be 3.8%. This rate was determined as a result of the rate computation the successorship notice referred to. The increased contribution rate for 1981 requires Centro to pay an additional $30,000.00 to the employment security fund.

Thirteen days after the January notice, on February 13, 1981, Centro requested Human Resources review and redetermine this assessment pursuant to K.S.A. 44-710b(a). Human Resources formally responded to this request on June 3, 1981. In its response Human Resources denied Centro's request for a redetermination of the 1981 contribution rate due to its previous findings on July 16, 1980, that Centro was a successor employer. Human Resources stated the 3.8% contribution rate for 1981 was premised upon its 1980 investigation and classification of Centro as the successor to the previous KP contractor and a review of that rating revealed it was correct.

A new employer is automatically assigned the industry-wide experience rate of 1.71%, since it has no experience record from which its own rate can be determined. After three years' experience an employer's contribution rate is based on its own record. As a new employer, Integrity Management, Inc., the predecessor to Centro was receiving the industry-wide rate of 1.71% when it was outbid for the KP contract by Centro. Due to Centro's classification as Integrity's successor, Centro received only the last six months of the three year industry-wide rate period. The industry-wide rate period ended for Integrity at the end of 1980. As indicated on the notice of successorship sent to Centro, it was eligible for its own rate computation in 1981 based on the

employment experience of it and its predecessor. That computation revealed an experience rate of 3.8%. In denying Centro's February request for a redetermination, Human Resources explained since Centro had failed to request a review of the July, 1980 successorship classification within fifteen days, the time period allowed by K.A.R. 50-2-7 (1978), it had failed to exhaust its administrative remedy to challenge the classification. Thus, it was bound by the determination of successorship and the resulting 3.8% rate.

Pursuant to K.S.A. 44-710b(b) Centro filed a petition for judicial review within 20 days of receiving the Human Resources denial. In its petition, Centro requested the district court to order additional evidence be admitted at an administrative hearing and reverse the Human Resources determination that Centro was a successor to the previous KP contractor at Fort Riley. Centro also requested the court modify its 1981 contribution rate to 1.71% instead of the 3.8% assessed by Human Resources.

Human Resources filed an answer and counterclaim. A motion to dismiss was also filed. At the hearing upon Human Resources' motion to dismiss, Human Resources contended Centro's failure to contest the successorship determination in July of 1980 prevented Centro from requesting a redetermination of its 1981 contribution rate. Human Resources also argued the district court was without jurisdiction to hear the appeal due to Centro's failure to timely pursue the matter. The court held it had jurisdiction to review Human Resources' decision. The court also found the July 16, 1980, notice was ambiguous and did not indicate Centro's contribution rate might change as a result of the successorship classification. On March 21, 1984, the parties filed a pretrial order wherein they agreed to remand the case for an administrative hearing.

Before the administrative hearing was held, Human Resources filed a motion for a protective order to restrain Centro from discovering any information within Human Resources' files pertaining to previous KP contractors at Fort Riley. In support of this motion Human Resources claimed that K.S.A. 44-714(f) and K.A.R. 50-4-2 prohibited the disclosure of such information. Human Resources also argued the information sought by Centro was irrelevant to the resolution of the issues in the case.

Centro moved for an order compelling Human Resources to

disclose the experience ratings for previous contractors at Fort Riley. Centro argued an evaluation of the previous rates imposed was necessary in order to determine the rationale for Human Resources' actions. Centro also noted it was not asking Human Resources to disclose the names of the contractors to which the experience ratings pertained.

On March 22, 1984, the district court ordered Human Resources to disclose the experience rating information sought by Centro without revealing the identity of the individuals or employing units involved. Due to lack of specificity of the order, Human Resources was unable to comply with the court's order. At a hearing on May 21, 1984, Human Resources brought the broadness of the order to the court's attention and again argued that K.S.A. 44-714(f) prohibited disclosure of the information sought by Centro.

The court reminded Human Resources it had previously found K.S.A. 44-714 did *not* prohibit the disclosure of information sought by Centro. The court then again ordered Human Resources to disclose the experience rating sought by Centro, with the assurance the court would protect Human Resources from criminal prosecution, and gave it additional time to provide the information.

On June 8, 1984, some two weeks later, prior to expiration of the additional time granted by the court at the May hearing, Centro moved the court pursuant to K.S.A. 60-237, which authorized sanctions for failure to allow discovery, to dismiss Human Resources' counterclaim or, in the alternative, to find the information requested by Centro be taken as established that Centro did not acquire the organization, trade, or substantially all of the assets of the previous KP contractor. Centro mailed Human Resources a notice of hearing and certificate of service upon the motion on June 8, 1984. The attorneys for both parties held a telephone conference concerning the hearing on the motion. Human Resources claims it understood the hearing was continued by agreement and thus did not appear at the June 25, 1984, hearing on the motion.

As sanctions for Human Resources' failure to provide the information sought by Centro, the district court held the experience rating of Centro for the 1981 calendar year was 1.71%, instead of 3.8%. The court then dismissed with prejudice Human

Resources' counterclaim, as being without any foundation. In effect the court granted Centro a summary judgment.

Human Resources appeals.

Appellant first argues the district court lacked jurisdiction to hear this matter.

On July 16, 1980, Centro, appellee, was notified it was being classified as a successor to Integrity Management, the predecessor KP employer at Fort Riley. In the notice, appellee was also informed its contribution rate for the year 1980 was 1.71%. The notice also stated Centro had fifteen days to request a review of the determination of successorship. Centro did not do so. On January 31, 1981, Centro received a notice its contribution rate for 1981 would be 3.8%. Centro objected to the rating within the required fifteen days. Appellant argues, pursuant to K.A.R. 50-2-7 (1978), the appeal challenging the successorship was filed out of time.

The basis of Human Resources' argument is that the 3.8% rating was based on Centro's status as a successor employer. Thus, it should have appealed within fifteen days of the July 16, 1980, notice, which it clearly did not do. K.A.R. 50-2-7 (1978) provided:

"**Transfer of experience rating factors.** The transfer experience rating factors of a predecessor employer whose business has been acquired by a successor employer as defined in K.S.A. 44-710a(b) will become final fifteen (15) days after the mailing date indicated on the official notice to predecessor and successor unless within the fifteen (15) days a written request for reconsideration or hearing is received from either the predecessor or successor employer." (Revoked May 1, 1983)

It is clearly the law, despite Centro's arguments otherwise, that an appeal must be timely filed in order to give a court jurisdiction over the appeal. See *Smith v. Robertson,* 155 Kan. 706, 128 P.2d 260 (1942).

Centro argues that in July it had no complaint with the 1.71% rating, and thus no reason to appeal at that time. Further, it argued below that the ramifications of such a classification as a successor are not stated on the notice. Hence, Centro argues it was given no indication from which it could determine it might not be pleased with the classification. Thus, Centro argues it is not complaining about the successorship classification, rather, it is the resulting 3.8% rating of which it complains. Centro filed a

timely appeal from that rating pursuant to K.S.A. 44-710b(a), which states:

"The secretary of human resources shall promptly notify each contributing employer of its rate of contributions . . . . Such determination shall become conclusive and binding upon the employer unless, within fifteen days after the mailing of notice . . . the employer files an application for review and re-determination . . . ."

The January notice was a contribution rate notice. Appellant, Human Resources, argues that in a review of a contribution rating, the issue of successorship cannot be raised since it is a separate issue. Rather, the only issue is whether the rating was properly calculated, *i.e.*, whether mathematical errors were made in the calculation of the rating, instead of substantive errors as in an employer's classification as a successor employer.

The trial court found the July 16, 1980, notice was ambiguous and did not indicate Centro's contribution rate might change as a result of this successorship classification. The trial court ruled this entitled Centro to raise the successorship issue even though the appeal occurred in January rather than in July. Therefore, the court held it had jurisdiction over the appeal.

Centro argues Human Resources' urged application of the regulation establishing the time for appeal from a successorship classification determination contravenes K.S.A. 44-710b, which allows appeals within fifteen days from the rate contribution notice. Appellant alleges this argument was not made before the trial court and may not be raised here. The rule is that a point not raised before, or presented to the trial court, may not be raised for the first time on appeal. *Lantz v. City of Lawrence*, 232 Kan. 492, 500, 657 P.2d 539 (1983). The argument made by Centro is merely an extension of its argument before the trial court that the statute, rather than the regulation, should be applied in determining the time for appeal in this case. This point was therefore raised at trial and may be continued here.

Human Resources also argues the regulation does not contravene the statute because each pertains to a separate issue. The regulation provides for review of a successorship classification, while the statute provides for review of the contribution rating to detect mathematical errors.

Centro argues this case is similar to *Bill George Chrysler-Plymouth, Inc. v. Carlton*, 216 Kan. 365, 532 P.2d 1351 (1975). In that case, we held review of experience ratings assessed against

an employer are proper regardless of K.S.A. 44-710b. In *Carlton*, the plaintiff employer had received a contribution rate notice in January of 1971. In that rate it was assessed for unemployment benefits paid to a former employee of plaintiff. Plaintiff did not seek review based on the inclusion of the former employee's unemployment benefits. In March of 1971, the National Labor Relations Board found the former employee had been wrongfully discharged and ordered that he be reinstated with back pay. The employer then sought to have its contribution rating reviewed in consideration of the fact that it was no longer paying unemployment benefits to the former employee, but rather had paid back pay. This court held the employer had no valid reason to contest the contribution rate prior to the NLRB decision. Hence, even though its request for review was outside the time limits of K.S.A. 44-710b, the court held review could be allowed. Centro argues *Carlton* stands for the proposition that later circumstances may cure the defect in a failure to appeal where there is initially no reason to challenge a determination. Human Resources points out that in *Carlton* there were actual changed circumstances. Here, however, nothing changed. This case is therefore distinguishable.

Centro also argues it has been denied due process as to the 3.8% contribution rate if the Department of Human Resources can stand on the determination that Centro is a successor employer without granting a hearing. Thus, appellee concludes there is a denial of due process since its contribution rate was final and its appeal time passed before it knew its contribution rate.

We conclude the district court had jurisdiction to judicially review the Secretary of Human Resources' determination of Centro's rate of contribution. It received notice on January 31, 1981, that its rate was determined to be 3.8% pursuant to K.S.A. 44-710b(a). Centro filed an application for review of the determination within fifteen days as required, and upon denial of its request for redetermination, Centro timely filed a petition for judicial review of the action of the secretary. The petition asks for review of successorship as well as a review of the determination of the contribution rate. Therein lies the problem. Centro had been determined to be a successor employer on June 2, 1980. It did not appeal that determination within fifteen days,

which it was required to do by K.A.R. 50-2-7 (1978). The appeal on the issue of successorship was therefore not timely and Centro did not exhaust its administrative remedy for review of the determination. The successorship issue was not properly before the trial court and is not before us. The only issue remaining for review is the reasonableness and accuracy of Centro's rate of contribution as a successor employer.

Additionally, Centro cannot complain that the June 1980 notice of successorship and the rate of contribution did not advise it of the dangers inherent in being a successor. The experience rating of the predecessor employer had not been determined at that time. As the June notice clearly stated, the experience rating would be computed in 1981 based on the experience of Centro and its predecessor. The notice was accurate and complete, thus satisfying the requirements of due process. If Centro was misled into believing the 1980 contribution rate of 1.71% would carry over into 1981, it was only because it did not read the notice carefully and study the statutes and regulations. We have held everyone is presumed to know the law, especially the law regarding an individual's business affairs. *Flott v. Wenger Mixer Manufacturing Co.*, 189 Kan. 80, 88, 367 P.2d 44 (1961). The trial court erred in reviewing the successorship issue over which it lacked jurisdiction.

Human Resources next argues the trial court erred in denying its motion for a protective order and granting the order to compel discovery.

Appellee Centro sought to discover the contribution ratings of the previous Fort Riley KP contractors. It did not want their names. Human Resources sought to protect itself from those disclosures, arguing it was prohibited from making them pursuant to K.S.A. 44-714(f). The trial court held the experience rating sought by Centro did not come within the scope of the disclosure prohibition in K.S.A. 44-714(f), and the information sought by Centro comes within the exception which allows discovery of information necessary for the proper presentation of a claim. At a March 22, 1984, hearing the court ordered Human Resources to produce all experience ratings for previous KP contractors at Fort Riley, including but not limited to Tombs & Sons, Southeastern, Brokenlance, Integrity Management, Centro, and D.S. & G., to Centro without revealing which business had which rating. The journal entry of this order was filed April 10, 1984.

On May 21, 1984, both parties again made an appearance before the trial court. Human Resources sought relief from the April 10 order and sought information from Centro to locate some material requested by Centro. The court repeated the same order it made on April 10 and orally promised Human Resources protection from criminal sanctions for the disclosure. It also orally gave Human Resources additional time to produce the requested information.

Appellant argues the court's discovery order was in error since allegedly state statutes, state regulations, and federal law all prohibit the disclosure of such information. Further, appellant argued there are criminal penalties if disclosure is made of such information. Appellant also argued the court's order will affect Human Resources' work since employers will now be afraid to disclose information for fear it will be revealed.

Appellee argues even if the experience ratings sought by it come within the scope of K.S.A. 44-714(f) prohibiting disclosure, they are necessary to the proper presentation of its claim and thus come within the statute's exception which allows disclosure. K.S.A. 44-714(f) provides:

"But any claimant or employing unit or their representatives at a hearing before an appeal tribunal or the secretary shall be supplied with information from such records to the extent necessary for the proper presentation of a claim . . . ."

Centro properly asked for review of its contribution rate. It is entitled to all the information Human Resources used in figuring its rate. This is an exception to K.S.A. 44-714(f) since the information is necessary for Centro to perfect its claim. The totals of all statistics of the account were furnished on the Experience Rating Notice to Centro on January 31, 1981, showing prior years' contributions of $51,720.06 with benefits charged of $16,042.02 and 1980 contributions of $11,879.26 with benefits of $22,552.27 charged. This left an account balance of $25,005.00 with a reserve ratio of 2.789 and a 1981 rate of 3.8%. The only missing information is verification of the totals for 1978, 1979 and 1980.

Appellant argues even if the statutes do not prohibit it from disclosing the information, it need not do so since the information is irrelevant and immaterial. It is true that evidence of successorship is irrelevant, but the information which verifies

the contribution rate computed for Centro is relevant and material. The issue here is the reasonableness and accuracy of the rate. The test of reasonableness involves the employment history of Integrity Management, Inc., the predecessor employer, and Centro.

The district court did not err in ruling the information must be disclosed, but its order allowing discovery concerning the other previous employers is too broad. Centro is entitled only to the statistics on itself and its predecessor employer, Integrity Management, during the past three years.

Appellant's final arguments concern whether the district court erred in granting appellee's motion to dismiss and imposing an experience rating of 1.71% as a sanction for failure to allow discovery.

As our previous discussion has shown, the thrust of this action by Centro was to challenge the determination it was a successor to Integrity Management. The court rulings and hearings all pertain to that issue. Human Resources became so absorbed with the successorship issue it ignored Centro's right to have its contribution rate reviewed for reasonableness as a successor. Successorship was determined in July, 1980, and no appeal was taken from that determination. Thus, it was established.

The trial court then made an order for Human Resources to produce the names and employment experience records of all contractors who had KP contracts with Fort Riley. The order was also based on the idea it would disclose information about the successor issue. Thus, the order was too broad and Human Resources found it difficult to locate the old records. This fact was reported to the trial court on May 21, 1984. The court stated it would protect Human Resources from criminal prosecution and, upon request, gave additional time to produce the required records, some of which were quite old.

In spite of the granting of additional time to produce, Centro moved to dismiss on June 8, 1984. At the hearing on this motion on June 25, 1984, which Human Resources did not attend, the motion was amended to a motion to dismiss Human Resources' counterclaim and set Centro's contribution rate at 1.71%. Human Resources had no notice of the amendment. As sanctions for Human Resources dilatory tactics, the court granted the motion. It amounted to a summary judgment.

The confusion in this case from the beginning was caused by the assumption by the parties that the only issue was the determination of the successorship of Centro. The court had no jurisdiction of that issue. The order to produce records which followed was so broad Human Resources could not locate the information. Had the production order been properly narrow, we must assume the records would have been readily produced upon assurance Human Resources would be protected from criminal prosecution.

The dilatory tactics of Human Resources are not to be commended, but a careful scrutiny of the record discloses reasons therefor not involving bad faith. Thus, they do not justify the sanctions imposed. We hold the trial court abused its discretion in dismissing appellant's counterclaim and in establishing appellee's contribution rate at 1.71%. The court has no authority to set contribution rates; that is a function of the Department of Human Resources. The court's scope of review is to determine the lawfulness and reasonableness of the rate. The order of June 25, 1984, is set aside.

We reverse the judgment of the trial court and remand this case with instructions to amend its order for production of records to include only the employment experience records of Integrity Management, Inc., and Centro Management, Inc., for the years 1978, 1979 and 1980. Upon production of those records, the trial court shall remand the case to the Department of Human Resources for a hearing to determine the lawfulness and reasonableness of the Centro contribution rate of 3.8%.

SCHROEDER, C.J., dissenting.