No. 86,799

CPI Qualified Plan Consultants, Inc., Delaware, *Appellee,* v. Kansas Department of Human Resources, *et al., Appellant.*

(38 P.3d 666)

Opinion filed January 25, 2002.

*Heather Wilke*, of Kansas Department of Human Resources, argued the cause and was on the brief for appellant.

*Steve E. Johnson*, of Law Offices of Bauer, Pike, Pike & Johnson, Chtd., of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: CPI Qualified Plan Consultants, Inc., Delaware (CPI), a successor employer under the Kansas Employment Security Law (Act), K.S.A. 44-701 *et seq.*, applied for a transfer of its predecessor's unemployment experience rating. The administrative hearing officer found the application untimely and denied the request. Upon judicial review, the district court reversed the agency's final order. The Kansas Department of Human Resources (KDHR) appeals the district court's reversal.

On August 24, 1998, CPI sold its business to a new company which kept the original name of CPI Qualified Plan Consultants, Inc. On May 4, 1999, John Cross, a certified public accountant for CPI, wrote a letter to KDHR requesting that it allow the transfer of the predecessor company's unemployment experience rating to the new successor company. KDHR denied CPI's request.

CPI initiated an administrative appeal of the decision. The basis for the appeal was that even though the successor employer was required to request the transfer within 120 days of the transfer of assets from the predecessor under K.S.A. 44-710a(b)(2), an exception for "excusable neglect" and/or "good cause" should be implied by law. On October 18, 1999, CPI sent a letter to Steven B. Lee, the hearing officer appointed to the matter, asserting that K.S.A. 44-710a(b)(4) applied because the successor employer was "not

subject to this act" prior to the transfer of assets. On December 2, 1999, the hearing officer issued his final decision denying CPI's request for a zero percent experience rating factor for unemployment tax. In that decision, Lee set out the following stipulated facts:

"CPI is a corporation operating in Kansas and has its principal place of business in Great Bend, Kansas. Its predecessor CPI Qualified Plan Consultants, Inc. began operations in Kansas in 1972 with three employees and has subsequently grown to 230 employees with an annual payroll in excess of $6,500,000.00. CPI currently does business with virtually all fifty states and receives ninety percent of its revenue from out of state clientele. The transfer of all or a substantial portion of the business belonging to the predecessor to the successor, CPI Qualified Plan Consultants, Inc. Delaware, occurred in the summer of 1998. In accordance with K.S.A. 44-710(a)(b)(2) [sic] the employer had until December 23, 1998, to make written request to the agency for transfer of its predecessor's experience rating factor of zero percent. The employer made no contact with the agency subsequent to the transfer of assets until March of 1999, when it filed a 'status report.'

"The employer failed to meet the 120 day filing deadline set forth in K.S.A. 44-710(a)(b)(2) [sic] as a result of being 'unaware' of the filing requirement and because of its reliance upon IRS REV. PROD. 96-60 which provides for payroll limitations on Social Security, Federal Withholding, and Federal Unemployment Tax to continue without change when all or a substantial portion of business assets are transferred from a predecessor to a successor employer. Based on that revenue procedure, the employer believed no filing and/or requesting was required by the State of Kansas and, as a result, the zero percent experience rating factor of its predecessor would continue as well."

The hearing officer held that: (1) K.S.A. 44-710a(b)(2) was the controlling statute; (2) CPI met the definition of "successor employer" set forth in K.S.A. 44-703(h)(4) or (dd); (3) CPI had failed to comply with the statute and make a written request for a transfer of the rating withing the 120-day deadline; and (4) there was no "excusable neglect" and/or "good cause" exception to the 120 day filing deadline in the statute. Therefore, the hearing officer held that CPI "is not entitled by law to the zero percent experience rating factor of its predecessor . . . ."

Within the body of the final decision, the hearing officer also found that K.S.A. 44-710a(b)(4) did not apply to the case because the successor employer CPI was in existence at the time of the transfer; thus, the successor was subject to the Act.

CPI filed for judicial review of the administrative decision on December 10, 1999. In its petition, CPI stated that it "concedes, factually, that it did not make an application within one hundred twenty (120) days of the transfer of assets from the predecessor to the employer under K.S.A. 44-710(a)(b)(2) [sic], but affirmatively states that it was not required to do so pursuant to K.S.A. 44-710(a)(b)(4) [sic]." CPI contended that, as a matter of law, it was entitled to the experience rating of the business that it purchased.

On September 25, 2000, the district court conducted a pretrial conference. At that time, CPI and KDHR agreed to submit briefs and waive oral argument. The district court reviewed the parties' briefs pursuant to the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* The district court specifically narrowed the scope of its review to a determination of whether the agency erroneously interpreted or applied the law pursuant to K.S.A. 77-621(c)(4). The court incorporated the findings of fact of the administrative hearing officer.

On November 29, 2000, in a memorandum decision, the district court reversed the decision of KDHR and ordered KDHR to award CPI the experience rating previously held by its predecessor. In its decision, the district court stated that "[t]he sole issue raised by this appeal is whether paragraph 2 or paragraph 4 of [K.S.A. 44-710a(b)] applies."

The district court found that K.S.A. 44-710a(b)(4) established two methods for determining an employer's rate of contribution. According to the court's reasoning, the second method is found in the second sentence of K.S.A. 44-710a(b)(4), which states: "An employing unit which was not subject to this act prior to the date of the transfer shall have a newly computed rate based on the transferred experience rating factors as of the computation date immediately preceding the date of acquisition."

Focusing on that particular language, the district court found that "the successor employer-plaintiff in this case squarely falls within the scope of being an employing unit 'which was not subject to this act prior to the date of the transfer . . . .' " The district court stated that "[t]he Hearing Officer's argument that (b)(4) does not apply suggests [CPI] is arguing the successor employer was not

subject to the act prior to the date of transfer because [CPI] did not exist prior to the date of transfer. In [CPI]'s brief filed to support this appeal there is no suggestion that [CPI] relies on that reasoning."

KDHR now appeals the district court's judgment pursuant to K.S.A. 77-623 and K.S.A. 2000 Supp. 60-2103. The case is before this court pursuant to a K.S.A. 20-3018(c) transfer. KDHR asserts that the district court erred in its interpretation of K.S.A. 44-710a(b)(4).

This court has previously stated that in a case of judicial review of an agency's decision, "where the facts in the case are undisputed, the applicability of a statute to the facts is a question of statutory construction to be determined by the court." *DSG Corp. v. Shelor*, 239 Kan. 312, 315, 720 P.2d 1039 (1986).

> "[T]he interpretation of a statute by an administrative agency charged with the responsibility of enforcing the statute is entitled to judicial deference and is called the doctrine of operative construction. Deference to an agency's interpretation is particularly appropriate when the agency is one of special competence and experience. [Citation omitted.]
>
> "Although an appellate court gives deference to the agency's interpretation of a statute, the final construction of a statute lies with the appellate court, and the agency's interpretation, while persuasive, is not binding on the court. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. [Citation omitted.]" *Matjasich v. Kansas Dept. of Human Resources*, 271 Kan. 246, 250-51, 21 P.3d 985 (2001)

We first turn to the language of K.S.A. 44-710a(b)(4), which states:

> "(4) If the acquiring employing unit was an employer subject to this act prior to the date of the transfer, the rate of contribution for the period from such date to the end of the then current contribution year shall be the same as the contribution rate prior to the date of the transfer. An employing unit which was not subject to this act prior to the date of the transfer shall have a newly computed rate based on the transferred experience rating factors as of the computation date immediately preceding the date of acquisition. These experience rating factors consist of all contributions paid, benefit experience and annual payrolls."

KDHR offers two possible reasons why the district court's interpretation of K.S.A. 44-710a(b)(4) was erroneous. We will review them in the order presented.

A. Employing unit subject to the Act prior to the transfer of assets.

First, KDHR contends that because a newly formed corporate entity must list each of its officers, directors, and trustees at the time it registers with the Secretary of State, and because the listed personnel are considered employees, CPI was an employer subject to the Act prior to the transfer of assets from its predecessor. If CPI thus qualified as an employer that was subject to the Act prior to the date of transfer, the rate of contribution pursuant to K.S.A. 44-710a(b)(4) would be "the same as the contribution rate prior to the date of the transfer." KDHR argues, however, that because CPI did not have an experience rating, 24 consecutive calendar months would have to pass during which benefits could be charged before it would qualify for an experience rating.

CPI's position is that because it did not have employees or a payroll prior to the time that it purchased the assets of the old corporation, it was not subject to the Act at the time of the transfer of assets. CPI asserts that the purpose of K.S.A. 44-710a(b)(4) is to delineate a method of calculating an experience rating for a successor employer.

K.S.A. 44-710a(b)(4) states that "[a]n employing unit which was not subject to this act prior to the date of the transfer shall have a newly computed rate based on the transferred experience rating factors as of the computation date immediately preceding the date of acquisition." Therefore, the first issue for this court to determine is whether CPI was an employer subject to the Act prior to the date of the transfer of assets.

> "In construing statutes, legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State v. Engles*, 270 Kan. 530, 533, 17 P.3d 355 (2001).

In the definitions section of the Act, a "successor employer" means any employer "which acquires or in any manner succeeds to (1) substantially all of the employing enterprises, organization,

trade or business of another employer or (2) substantially all the assets of another employer." K.S.A. 44-703(dd). "Employer" means any "employing unit . . . which acquires or in any manner succeeds to . . . (ii) substantially all of the assets, of another employing unit which at the time of such acquisition was an employer subject to this act." K.S.A. 44-703(h)(4)(A). An "employing unit" means "any individual or type of organization . . . which has in its employ one or more individuals performing services for it within this state." K.S.A. 44-703(g). "Employment" means "[S]ervice, including service in interstate commerce, performed by (A) Any active officer of a corporation." K.S.A. 44-703(i)(1)(A).

Therefore, by statutory definition, to be an employer subject to the Act prior to the date of the transfer of assets, the officers of the newly formed CPI corporation would have to be actively performing services for the corporation within the state of Kansas. CPI states that it was formed solely for the purpose of purchasing the assets of the selling corporation and did not have a payroll or employees in this state until it acquired the existing company.

Of interest to this court is the language in the statute prior to its amendment in 1983 that differentiated between an acquiring employing unit that "is or becomes an employer subject to this act immediately after such acquisition," and "an acquiring employing unit that "was an employer subject to the act prior to the date of acquisition." See L. 1983, ch. 169, § 5. With more clarity than is found in the new statute, the language of the old statute explained that (1) an entity with active employees that purchased another ongoing business was subject to the Act prior to the date of acquisition, but (2) an entity formed for the sole purpose of acquiring an ongoing business became subject to the Act immediately after such acquisition.

Therefore, this court finds that because CPI had no payroll or employees in this state until it acquired the predecessor company, CPI was not subject to the Act until immediately after the acquisition or transfer of assets. Thus, the district court did not err when it found that "the successor employer-plaintiff in this case squarely falls within the scope of being an employing unit 'which was not subject to this act prior to the date of the transfer . . . .' "

Furthermore, under K.S.A. 44-710a(b)(4), "[a]n employing unit which was not subject to this act prior to the date of the transfer shall have a newly computed rate based on the transferred experience rating factors as of the computation date immediately preceding the date of acquisition." The statute mandates that CPI "shall have" a rate based on the experience rating factors immediately preceding the date of acquisition. KDHR's argument that CPI would not qualify for an experience rating for 24 consecutive calendar months fails because of this mandate.

B. Interpretation of K.S.A. 44-710a(b)(4) consistent with K.S.A. 44-710a(b)(2) and (b)(3).

The second reason offered by KDHR for finding error in the district court's interpretation of K.S.A. 44-710a(b)(4) is that it would be inconsistent with subsections (b)(2) and (b)(3), and, therefore, the district court's interpretation would contravene the legislature's purpose in enacting subsection (b)(4). According to KDHR, the district court's interpretation of the statute would render the requirements of subsections (b)(2) and (b)(3) meaningless and result in a successor employer receiving the predecessor's experience rating automatically when the successor might not want it.

In support, KDHR observes that the legislature amended K.S.A. 44-710a in 1983 to include subsections (b)(1) through (b)(5). See L. 1983, ch. 169, § 5. KDHR asserts that prior to the 1983 enactment, a successor employer automatically acquired the experience rating of its predecessor. KDHR cites *Centro Management, Inc. v. Kansas Dept. of Human Resources*, 237 Kan. 369, 370, 699 P.2d 524 (1985). There, this court noted that "[i]f an employer was classified as a successor employer, the employer acquired the experience rating of the predecessor employer pursuant to K.S.A. 44-710a."

KDHR argues that the scheme embodied in pre-1983 K.S.A. 44-710a sometimes resulted in the successor receiving a higher experience rating than the successor would have had if it had kept its own rating; to avoid that result, the legislature changed the statute to give "successor employers the option of applying for a

predecessor's experience rating instead of giving it to them automatically."

This argument seems to be self-defeating, however, because if the intent of the legislature in changing K.S.A. 44-710a was to keep a successor from automatically receiving a higher experience rating, then logically, the district court's decision allowing CPI to keep the lower rating of its predecessor is consistent with that intent.

CPI contends that, contrary to KDHR's assertions otherwise, K.S.A. 44-710a presents varying situations where a successor must make an application to qualify for its predecessor's experience rating or where a successor may choose not to apply for that rating. CPI argues that only employers presented with an option to elect the predecessor's rating by the statute need to file an application.

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.] Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

To determine whether the district court's interpretation of K.S.A. 44-710a(b)(4) is inconsistent with subsections (b)(2) and (b)(3), and therefore contravenes the legislature's purpose in enacting subsection (b)(4), this court must examine those subsections of the statute.

Under K.S.A. 44-710a(b)(1), whenever an employing unit "becomes . . . or is an employer at the time of acquisition and meets the definition of a 'successor employer' . . . *and is controlled substantially* either directly or indirectly . . . *by the same interest or interests*, [that employing unit] *shall acquire* the experience rating factors of the predecessor employer." (Emphasis added.)

Under K.S.A. 44-710a(b)(2), a successor employer as defined in K.S.A. 44-703(h)(4) or K.S.A. 44-703(dd) *"may receive* the experience rating factors of the predecessor employer if an application

is made to the secretary . . . within 120 days of the date of transfer." (Emphasis added.)

Under K.S.A. 44-710a(b)(3), "[w]henever an employing unit . . . acquires or in any manner succeeds to a percentage of an employer's annual payroll *which is less than 100%* and intends to continue the acquired percentage as a going business, (A) shall acquire the same percentage of the predecessor's experience factors *if the employer is controlled substantially . . . by the same interest or interests* or (B) *may acquire* the same percentage of the predecessor's experience factors if: (i) The predecessor employer and successor employing unit make an application in writing . . . ." (Emphasis added.)

These subsections present several options for treatment of successor employers, depending upon the existence of several different factors, such as the acquisition of less than 100% of ownership of the predecessor, or successor ownership by substantially the same interests. K.S.A. 44-710a(b)(4) presents another set of factors. There, the statute differentiates between an "acquiring employing unit . . . subject to this act prior to the date of the transfer" and "[a]n employing unit which was not subject to this act prior to the date of transfer . . . ." KDHR's argument that the district court's interpretation of the statute renders subsections (b)(2) and (b)(3) meaningless fails.

The district court did not err when it found that K.S.A. 44-710a(b)(4) established two methods for determining an employer's rate of contribution. We hold the district court correctly found that the successor employer-plaintiff in this case falls within the scope of K.S.A. 44-710a(b)(4); thus, the district court's reversal of the agency's decision and award to CPI of the experience rating previously held by its predecessor was not erroneous.

Affirmed.

DAVIS, J., not participating.

BRAZIL, Chief Judge Retired, assigned.