Joan Wagnon, Secretary Kansas Department of Revenue Docking State Office Building 915 S.W. Harrison Street Topeka, Kansas 66625
Dear Secretary Wagnon:
We direct our response to you regarding an opinion request from the former Director of the Division of Alcoholic Beverage Control.
Mr. Longino inquired whether criminal charges for gambling must be pending before the Director[1] can take disciplinary action against a club and drinking establishment licensee for violation of K.S.A.41-2611(f), which provides in part as follows:
 "The director may revoke or suspend any license issued pursuant to the club and drinking establishment act for any one . . . of the following reasons:
. . . .
 "(f) There has been a violation of a provision of the laws of this state . . . pertaining to the sale of intoxicating or alcoholic liquors . . . or any crime involving a morals charge, on premises where alcoholic liquor is sold by such licensee."[2]
Subsection (f)'s verbiage is clumsy in that it is unclear who determines whether a "crime involving a morals charge" has occurred, and whether there has to be some action to initiate charges, or convict an individual before an administrative action may be considered. We therefore parse the statute in an effort to make sense of it.
"Morals charge" is defined in the Club and Drinking Establishment Act,[3] as among other things, "a charge involving . . . gambling."[4] When interpreting the meaning of the word "charge" in the context of K.S.A. 41-2611, the first rule of statutory interpretation is to look at the literal language and, if the meaning is clearly expressed, that meaning should prevail.[5] A "charge" in the sense of a criminal charge is simply an accusation of a crime by a formal instrument such as a complaint, information, or indictment.[6]
Therefore, it would appear that "a morals charge" simply means a formal accusation of a crime involving gambling[7] or one of the other crimes listed in K.S.A. 41-2601(n).
This interpretation is buttressed by the definition of "charge" in the Kansas Code of Criminal Procedure (Code):[8] "a written statement presented to a court accusing a person of the commission of a crime and includes a complaint, information or indictment."[9] Ordinarily, identical words or terms used in different statutes on specific subjects have the same meaning in the absence of anything to the contrary.[10]
When reading the Code in pari materia[11] with the Club and Drinking Establishment Act, it is our opinion that, for purposes of K.S.A.41-2611(f), a "morals charge" refers to a written statement presented to a court accusing a person of the commission of a crime involving gambling or any of the other crimes listed in K.S.A. 41-2601(n).[12] This statement can take the form of a complaint, information or indictment.[13]
However, this does not fully explain whether a charge has to actually be filed prior to agency jurisdiction over such matters. Again, the statute requires that there be a "crime involving a morals charge."[14]
We note that the Division of Alcoholic Beverage Control defines "morals charge" in its regulation of clubs and drinking establishments as "a charge made in an indictment, information or complaint alleging crimes which involve . . . gambling."[15] While this regulatory definition does not dictate the interpretation of the statutory definition, the regulatory definition indicates that the Division interprets the phrase to mean that there must be an indictment, information, or complaint alleging a violation of gambling or one of the other enumerated crimes[16] before the Director can take regulatory action against a licensee.[17]
Additionally, the Secretary of the Department of Revenue, in considering appeals from the Director's disciplinary orders, has interpreted subsection (f) of K.S.A. 41-2611 to require that a criminal charge be filed before the Director can prosecute administratively.[18]
Under the doctrine of operative construction,[19] and because the statute is ambiguous, we must defer to the Secretary's interpretation.
Mr. Longino also inquired whether a conviction for a gambling offense is required before the Director can initiate a disciplinary action pursuant to K.S.A. 41-2611(f). A conviction is the final judgment on a verdict or finding of guilty.[20] K.S.A. 41-2611(f) requires only a finding of a crime involving a morals "charge" — not a conviction. If the Legislature had intended to require a conviction, it could have employed such term or used other verbiage that means a finding of guilt.[21]
Summarizing, in accordance with agency interpretations of K.S.A.41-2611(f), the Director of the Division of Alcoholic Beverage Control can take disciplinary action against a licensee for a crime involving gambling or one of the other enumerated crimes listed in K.S.A. 41-2601(n) only if an indictment, information, or complaint has been filed. However, a conviction is not necessary to commence disciplinary action.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] Director of Alcoholic Beverage Control of the Kansas Department of Revenue. K.S.A. 41-102(g).
[2] Emphasis added.
[3] K.S.A. 41-2601 et seq.
[4] K.S.A. 41-2601(n) (emphasis added). Other morals charges include prostitution, soliciting a child for any immoral acts involving sex, possession or sale of narcotics and certain drugs, rape, incest, illegal cohabitation, adultery, bigamy, and a crime against nature.
[5] In re Autry, 204 F. Supp. 820 (D.C. Kan. 1962).
[6] Black's Law Dictionary 211 (5th Ed. 1979).
[7] E.g. K.S.A. 21-4303, 21-4303a, 21-4304, 21-4305; K.S.A. 2002 Supp. 21-4306, 21-4307.
[8] K.S.A. 22-2101 et seq.
[9] K.S.A. 22-2202(7). The definitions of "complaint," "information," and "indictment" are defined at K.S.A. 22-2202(8)(11) and (12).
[10] Swartz v. Swartz, 20 Kan. App. 2d 704 (1995).
[11] Statutes relating to the same subject matter, although enacted at different times, are in pari materia and should be construed together.Thoman v. Farmers Bankers Life Ins. Co., 155 Kan. 806 (1942).
[12] See Note 4, supra.
[13] Note 9, supra.
[14] K.S.A. 41-2611(f) (emphasis added).
[15] K.A.R. 14-19-14(l)(7), 14-20-14(m)(7), 14-21-1(k)(7). K.A.R.14-19-24(b)(4). ("A club shall not employ . . . any person . . . who has been convicted . . . of any crime involving a morals charge in Kansas.") K.A.R. 14-19-35. ("The license of any class A club may be revoked . . . for any one . . . of the following reasons . . . (f) there has been . . . a violation involving a morals charge") (emphasis added). The same provisions apply also to class B clubs and drinking establishments. K.A.R. 14-20-26(b)(4), 14-20-37(e), 14-21-9(b)(4), 14-21-20(e).
[16] "Morals charges" includes prostitution, certain sex and drug crimes, adultery, and bigamy. K.A.R. 14-19-14(l), 14-20-14(m),14-21-1(k).
[17] Interpretation of a statute by an administrative agency charged with enforcement of the statute is entitled to judicial deference under the doctrine of operative construction. CPI Qualified Plan Consultants,Inc. v. Kansas Dept. of Human Resources, 272 Kan. 1288 (Kan. 2002).
[18] In the Matter of the Appeal of Earnest Brown Post 138, Kansas Dept. of Revenue Docket No. 98-A678, February 18, 2000.
[19] See Note 17.
[20] Black's Law Dictionary 301 (5th Ed. 1979).
[21] E.g. K.S.A. 41-2610(b) (licensees prohibited from employing "any person who has been adjudged guilty . . . of any crime involving a morals charge . . ."); K.S.A. 2002 Supp. 41-2623(a)(7)(B) (no license issued to corporation if certain officers, directors, or stockholders were associated with a corporation that "has been convicted of a violation of the club and drinking establishment act") (emphasis added). See In theMatter of the Appeal of Earnest Brown Post 138, Docket No. 98-A678, February 18, 2000 (conviction not a prerequisite to proceeding administratively pursuant to K.S.A. 41-2611(f)).